**MEL S. HARRIS AND ASSOCIATES, LLC**

| | | |
|---|---|---|
| MEL S. HARRIS | ATTORNEYS AT LAW | SCOTT WORTMAN |
| DAVID WALDMAN | 5 HANOVER SQUARE, 8th FLOOR | AMANDA PEREZ |
| ARTHUR SANDERS | NEW YORK, NY 10004 | HILARY KORMAN |
| | Tel: (212) 660-1050 | STACEY SCHWARTZ |
| | Fax: (646) 454-2104 | |

April 1, 2010

Hon. Michael L. Orenstein
United States Magistrate Judge
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY 11722
(Via ECF)

Re: Gravina, et al v. National Enterprise Systems, Inc.
    09 CV 2942

Dear Magistrate Orenstein:

This letter is written in response to the correspondence of plaintiffs' counsel, dated March 27th, seeking an extension of discovery deadlines. Defendant agrees that the discovery deadlines should be extended, so that remaining issues concerning class action can be appropriately resolved. Defendant also agrees that a court conference would be beneficial to address the numerous mischaracterizations contained in the correspondence from plaintiffs' counsel.

In the March 27th correspondence, William F. Horn, plaintiffs' counsel, refers to the "plaintiffs' efforts to resolve this case in good faith…" In fact, plaintiffs' efforts to resolve this matter have not been in good faith, as defendant has made 2 reasonable settlement offers. Both offers have been rejected and no counter offers have been made. In fact, plaintiffs' counsel has made it quite clear that his demand for $100,000 in attorneys' fees was non-negotiable.

Plaintiffs' counsel, in the 2nd paragraph of his correspondence, focuses on a comment made by the undersigned, to him with respect to the defendant's tardiness in responding to communications. Defendant is facing lawsuits in other jurisdictions at the present time and has significant regulatory issues that it is also attempting to address. Nonetheless, it is important to note that the breakdown in settlement discussions resulted from plaintiffs' unreasonable settlement demands and not from defendant's alleged failure to communicate.

(continued)

To: Magistrate Orenstein  -2-  April 1, 2010
Re: Gravina, et al v. National Enterprise Systems, Inc.

Counsels' gratuitous comments regarding the allegedly fraudulent conduct of the defendant are not based upon personal knowledge and are not based upon the facts alleged in the instant complaint. As the Court may recall, plaintiffs' complaint focuses exclusively on defendant's failure to disclose its status as a debt collector on automated telephone calls left for consumers.

In the 3rd paragraph of plaintiffs' letter to the Court, the following comment is made: "Plaintiffs have made extraordinary efforts to informally resolve the remaining issues related to fact and class discovery, as well as to settlement." Nothing could be further from the truth. Plaintiffs' counsel is fully aware that there are no factual issues, yet continues to insist that such issues are still present. As the undersigned previously stated, the biggest impediment to settlement of this matter is the resistance of plaintiffs' counsel to compromise his $100,000 demand for attorney fees. Plaintiffs' counsel apparently intends to manufacture as many disputes as possible to justify this exorbitant demand.

Plaintiffs' counsel correctly acknowledges that defendant is willing to concede liability, which would obviate the need for plaintiffs to move forward with a summary judgment motion. This is one of the few areas in plaintiffs' correspondence in which the parties can agree.

With respect to class issues, it must be pointed out that defendant has already conceded the issue of numerosity. Plaintiffs do not need an exact number of class members and defendant is not in a position to produce the list of class members, as this is a lawsuit involving phone calls and while hundreds of thousands of phone calls were made within the period specified within the lawsuit, defendant is unable to identify the recipients of all those phone messages.

Plaintiffs' counsel on page 2 of his letter to the Court makes the following statement: "My own investigation reveals that the net worth of NES and its owners (who have personal liability in this case) may actually exceed $25 million." Plaintiffs' counsel neglects to inform the Court that there is only one defendant in this case. The "owners" of NES are not named defendants.

(continued)

To: Magistrate Orenstein -3- April 1, 2010
Re: Gravina, et al v. National Enterprise Systems, Inc.

Finally, plaintiffs' counsel allude without detail to unanswered discovery demands but does not actually point to which discovery demand he now wants answered. In fact, most of plaintiffs' discovery has already been responded to.

An in-person conference to clear the air on this case would be beneficial and the undersigned is available at the Court's convenience to attend such a conference.

Respectfully Yours,

MEL S. HARRIS & ASSOCIATES, LLC

_____
By:   Arthur Sanders

as/dac