**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------x

RICHARD GRAVINA, an individual; ANNA
PAWELCZAK, an individual; DANE WOOD,
an individual; and LISA WOOD, an individual;
on behalf of themselves and all others similarly
situated,

                              Plaintiffs,

          vs.

NATIONAL ENTERPRISE SYSTEMS, INC.,
an Ohio Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                        Defendants.

------------------------------------------------------x

CASE NO.:  2:09-cv-02942-JFB-MLO

**STIPULATION OF SETTLEMENT**

       This Stipulation of Settlement dated as of June 2, 2010 ("Stipulation"), is made and entered into by and among the following Settling Parties to the Action, as those terms are defined herein:[1] (i) Settlement Class Representative Plaintiffs, on behalf of themselves and each of the Settlement Class Members, by and through Settlement Class Counsel; and (ii) the Defendant, by and through its counsel of record in this Action. This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

<u>RECITALS</u>

       **A.**   **Parties**. The parties to this Stipulation are, on the one hand, the Defendant, NATIONAL ENTERPRISE SYSTEMS, INC. ("Defendant"), and, on the other hand, the Settlement Class Representative Plaintiffs, RICHARD GRAVINA, ANNA PAWELCZAK, DANE WOOD, and LISA WOOD, and a Settlement Class, as defined herein.

---

[1] As used in this Stipulation, capitalized terms shall have the meanings and definitions set forth in Section 1 hereof.

**B.** **Nature of Litigation.** Settlement Class Representative Plaintiffs filed the above-captioned Action asserting claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") on behalf of a proposed class consisting of all residents of the United States who received a message left by Defendant on a telephone answering device that did not identify the Defendant by name as the caller, state the purpose or nature of the communication, or did not disclose that the message was left by a debt collector within one year of the date the action was filed and up through and including the date of preliminary certification of the proposed settlement class. Settlement Class Representative Plaintiffs contend that Defendant violated the FDCPA by using the above-described messages in connection with its attempt to collect alleged debts.

**C.** **Defendant's Desire to Settle Claims.** Defendant does not deny any claim or allegation of wrongdoing that has been alleged by Settlement Class Representative Plaintiffs in the Action. Nor has Defendant denied that Settlement Class Representative Plaintiffs or Settlement Class Members have suffered damage or that they are entitled to any relief as a result of any conduct on the part of Defendant as alleged by Settlement Class Representative Plaintiffs in the Action. More specifically, Defendant has admitted all factual and legal claims alleged by Settlement Class Representative Plaintiffs in the Action excepting those which pertain to class certification.

Defendant has concluded that further litigation of this Action on a class basis will entail risks, will likely be protracted and expensive with uncertain results, and that settlement of the Action is, therefore, advisable to permit the operation of the Defendant's business without further litigation expenses and the distraction of its executive personnel. For these same reasons, Defendant has further concluded that it is, therefore, desirable and prudent that the Action

between Settlement Class Representative Plaintiffs, Settlement Class Members, and Defendant be fully and finally resolved and settled in the manner and upon the terms and conditions set forth in this Stipulation.

**D.** **Settlement Class Representative Plaintiffs' Desire to Settle Claims.** With the assistance of legal counsel and after considering the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Settlement and the likelihood that the litigation will be further protracted and expensive, Settlement Class Representative Plaintiffs desire to settle this Action in accordance with this Stipulation of Settlement.

Settlement Class Representative Plaintiffs believe that the claims asserted in the Action have merit and that there is substantial evidence to support their class claims. Settlement Class Representative Plaintiffs, however, recognize and acknowledge the expense and length of continued litigation and legal proceedings necessary to prosecute the Action against Defendant through trial and through any appeals. Settlement Class Representative Plaintiffs also recognize and have taken into account the uncertain outcome and risks associated with litigation in general, and the Action in particular, as well as the difficulties and delays inherent in any such litigation. Settlement Class Representative Plaintiffs are also mindful of the potential problems of proof and the possible defenses to class certification, as well as the remedies they seek. As a result, Settlement Class Representative Plaintiffs believe that the Settlement set forth in this Stipulation provides substantial benefits to Settlement Class Members, secures certain consideration and retains important individual rights for Settlement Class Members. Settlement Class Representative Plaintiffs and Settlement Class Counsel have, therefore, determined that the Settlement, as set forth in this Stipulation, is fair, reasonable, adequate, and in the best interests of the Settlement Class.

**E.**     **Class Size.** Defendant has made certain representations to Settlement Class Counsel concerning the number of class members, which is subject to confirmatory discovery by the Settling Parties. Specifically, that there are over 1,000,000 members of the Class.

**F.**     **Net Worth.** The Settling Parties acknowledge that the FDCPA limits class recovery of statutory damages to the lesser of $500,000.00 or 1% of the Defendant's net worth. During the discovery phase of this Action, Settlement Class Representative Plaintiffs obtained Defendant's audited financial statements for the fiscal years 2008 and 2009, and other discovery, all of which indicates that Defendant's net worth for the 2009 fiscal year was $3,190,743.00. Defendant contends that its net worth has substantially decreased since the end of the 2009 fiscal year due to substantial litigation costs and changing market conditions in the debt collection industry; this contention is subject to confirmatory discovery by the Settling Parties. In any event, based on the verified discovery obtained to date, Defendant's net worth is $3,190,743.00, thereby making $31,907.43 the maximum amount of statutory damages that could be recovered if a litigation class was to be certified in this Action and the Settlement Class Representative Plaintiffs were to prevail on the merits at trial and on appeal.

**G.**     *De Minimis* **Class Recovery.** Based on the size of the Settlement Class and the maximum class recovery of statutory damages permitted by law, payment to each Settlement Class Member of his or her *pro rata* share of statutory damages would arguably be *de minimis* and, therefore, impractical.

**H.**     **Investigation by Counsel.** Settlement Class Counsel have investigated the facts available to them and have researched the relevant law applicable to their claims.

**I.**     **Recommendation of Counsel.** Based upon the foregoing, and upon a rigorous analysis of the benefits which this Agreement affords to Settlement Class Members, Settlement

Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Stipulation of Settlement.

  **J.**  **Court Approval.** The Settling Parties acknowledge that Court approval is necessary. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, no notice of the Settlement is required and Settlement Class Members are not be permitted to opt out of the Settlement. Notice of the Settlement to the Settlement Class Representative Plaintiffs shall constitute due and sufficient notice to the Settlement Class Members.

  Settlement Class Members retain the right to object to the Settlement. In addition, after affording Settlement Class Members the opportunity for making any objections, the Court will hold a hearing to determine that the Settlement is fair, reasonable, and adequate. The Settling Parties acknowledge that this Agreement will be Exhibit A to the Settlement Class Representative Plaintiffs' Motion For Preliminary Approval of Class Settlement Agreement.

**TERMS**

  **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** to, by and among the Settlement Class Representative Plaintiffs (for themselves and all Settlement Class Members) and the Defendant, for themselves, and through their respective counsel, that the Action shall be finally and fully compromised, settled, and released, the Action shall be dismissed as to all parties, and the claims of the Settling Parties shall be released, subject to the terms and conditions of this Stipulation, and subject to the Final Approval Order approving the Stipulation as "Final" as defined herein.

**1.**  **DEFINITIONS**

  As used in this Stipulation, the following terms shall have the following definitions and meanings:

Page 5

1.1    "Action" means the lawsuit captioned as *RICHARD GRAVINA, an individual; ANNA PAWELCZAK, an individual; DANE WOOD, an individual; and LISA WOOD, an individual; on behalf of themselves and all others similarly situated vs. NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25*, which is currently pending in the Eastern District of New York and bearing Case Number 2:09-cv-02942-JFB-MLO.

1.2    "Court" means the United States District Court for the Eastern District of New York.

1.3    "Defendant" means NATIONAL ENTERPRISE SYSTEMS, INC. and each of Defendant's past or present officers, directors, partners, agents, employees, attorneys, accountants or auditors, consultants, legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, and any entity that controls the Defendant.

1.4    "Defendant's Counsel" means counsel of record for the Defendant.

1.5    "FDCPA" means the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

1.6    "Final" means  when the last of the following with respect to the Final Approval Order approving the Stipulation has occurred: (i) the expiration of three business days after the time to file a motion to alter or amend the Final Approval Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court

Page 6

holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with the terms and conditions of this Stipulation.

1.7    "Final Approval" means the approval of the Stipulation and the Settlement by the Court at or after the Final Fairness Hearing, and entry of the Final Approval Order.

1.8    "Final Approval Order" means the order entered by the Court giving Final Approval of the Stipulation and dismissing all claims.

1.9    "Final Fairness Hearing" means the hearing at which the Stipulation and the Final Approval Order are presented by the Settling Parties for Final Approval and entry by the Court.

1.10    "Preliminary Approval" means the preliminary approval of the Stipulation by the Court and conditional certification of the Plaintiff Settlement Class.

1.11    "Settlement" means the settlement entered into by the Settling Parties as set forth and embodied by this Stipulation.

1.12    "Settlement Class" means all persons with addresses in the United States of America who received a message left by Defendant on a telephone answering device which did not identify Defendant by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of order granting preliminary certification of the Settlement Class.

1.13    "Settlement Class Counsel" means counsel of record for the Settlement Class Representative Plaintiffs.

1.14    "Settlement Class Member" means a person who falls within the definition of the Settlement Class as defined in Paragraph 1.12, *supra*, of the Stipulation.

1.15    "Settlement Class Period" means the period extending from one year immediately prior to the filing of the initial complaint in this Action up through and including the date of Preliminary Approval.

1.16    "Settlement Class Representative Plaintiffs" means Plaintiffs Richard Gravina, Anna Pawelczak, Dane Wood, and Lisa Wood.

1.17    "Settlement Fund" means the amount paid by Defendant pursuant to Paragraph 2.3 herein.

1.18    "Settling Parties" means, collectively, the Defendant, as defined herein, by and through its counsel of record, and the Settlement Class Representative Plaintiffs on behalf of themselves and all Settlement Class Members, by and through Settlement Class Counsel.

1.19    "Stipulation" means this Stipulation of Settlement.

1.20    "Ultimate Approval" means that the Final Approval Order has become Final, as defined herein.

1.21    "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action for damages arising out of, or relating to, claims involving the identical factual predicate alleged in the Action, which any person does not know or suspect to exist in his, her, or its favor at the time of the release of claims which, if known by him, her, or it, might have affected his, her, or its settlement and release of claims for damages. With respect to any and all claims for damages, the Settling Parties stipulate and agree that, upon Ultimate Approval, all Settling Parties will have expressly waived and, by operation of the Final Approval Order, each of the Settlement Class Members will be deemed to have waived the provisions, rights and benefits of

California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.     TERMS OF THE SETTLEMENT

In consideration of the foregoing and the mutual promises and obligations under this Stipulation, it is stipulated and agreed by and between Settlement Class Representative Plaintiffs, Settlement Class Counsel, Defendant, and counsel for the Defendant that, subject to the approval of the Court, the Action be and hereby is settled upon the following terms and conditions:

2.1     **Effective Date.** This Settlement will be effective upon the Effective Date, which is the date the Settlement becomes Final as defined in Paragraph 1.6, *supra*.

2.2     **Certification of Settlement Class**. Defendant stipulates to certification of the Settlement Class as defined in Paragraph 1.12, *supra*, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

2.3     **Settlement Fund.** Defendant shall pay the total sum of $41,907.43 to be allocated as follows:

(a)     *Settlement Class Representative Plaintiffs' Individual Relief.* Settlement Class Representative Plaintiffs shall each receive $1,000.00, to be paid from the Settlement Fund, as statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i). Settlement Class Representative Plaintiffs shall each also receive $1,500.00, to be paid from the Settlement Fund, in recognition for their respective services to the Settlement

Class Members.

      (b)    *Class Relief.* $31,907.43, which represents the maximum class recovery permitted under the FDCPA (i.e. 1% of Defendant's net worth), shall be paid from the Settlement Fund as a *cy pres* payment to one or more charitable organizations without any religious or political affiliations. Settlement Class Representative Plaintiffs propose that the recipient(s) of the *cy pres* payment will be the National Consumer Law Center, which is a national organization that provides assistance to low-income and vulnerable Americans on, *inter alia*, issues involving consumer fraud, debt collection, consumer finance, energy assistance programs, predatory lending, and sustainable home ownership programs. The Settlement Class Representative Plaintiffs' foregoing choice of *cy pres* recipient is, however, subject to the Court's final approval and may be challenged by Defendant at the Final Fairness Hearing.

      (c)    *Injunctive Relief.* Defendant shall consent to entry of a stipulated injunction mandating that Defendant use its "best efforts" to ensure that it identifies itself by its legal name in all telephone messages left for consumers, and that it further discloses the call is from a debt collector and concerns the collection of a debt. As part of the injunction, counsel for Defendant will send written reports of all lawsuits filed, or informal complaints it receives in writing, against Defendant that involve the identical factual and legal claims at issue in this lawsuit. Defendant shall issue these written reports to Settlement Class Counsel, such that they are received by the 10th day of each month, beginning on the first month following Ultimate Approval, and continuing thereafter each month for the next 13 months. Settlement Class Counsel shall be entitled to recover their reasonable attorney fees and costs if they are required to pursue any

action necessary to enforce the terms of the stipulated injunction. The Court shall decide the final terms of the stipulated injunction at the Final Fairness Hearing.

(d)     *Counsel Fees.* Any fee and expense application, any fee and expense award, and any and all matters related thereto, shall not be considered part of the Stipulation, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and shall not operate to terminate or cancel the Stipulation or Settlement, and shall not affect or delay the finality of any Final Approval Order approving the Stipulation and the Settlement of the Action.

2.4     **Payment.** Within ten calendar days after Final Approval, Defendant will deliver the sum of $41,907.43 to the Law Office of William F. Horn, payable to "William F. Horn, IOLA." Upon delivery of these funds, Settlement Class Counsel agrees to indemnify and hold Defendant, its agents, servants, employees, officers, directors, attorneys, and insurers harmless with respect to Defendant's payment obligations under this Agreement. Upon delivery of the funds, no person shall have a claim against Defendant based on, arising from, or relating to the distribution of benefits from the Settlement Fund. Settlement Class Counsel shall hold all Settlement Funds in trust and make no disbursements until three calendar days after Ultimate Approval. Thereafter, Settlement Class Counsel shall have twenty-one calendar days to disburse the Settlement Funds in accordance with this Stipulation and will provide Defendant's counsel with proof of distribution of the *cy pres* settlement funds.

3.     **RELEASE AND RETENTION OF CERTAIN RIGHTS AND CLAIMS.** All releases set forth below are void if the Settlement does not receive Ultimate Approval. The releases under this Paragraph are conditioned upon Defendant's full performance of all of its obligations under

this Stipulation of Settlement, including confirmatory discovery.

3.1 **Settlement Class Representative Plaintiffs**: Upon Final Approval of the Settlement, Settlement Class Representative Plaintiffs will be deemed to have released, and by operation of the Final Approval Order shall have fully, finally, and forever released, relinquished and discharged Defendant and Defendant's Related Parties from any and all claims, including Unknown Claims, arising out of or relating to the allegations and/or claims asserted in the Action arising out of state or federal law, including any and all such claims relating to Defendant's use of messages on telephone answering devices.

3.2 **Settlement Class Members**. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, upon Final Approval of the Settlement, all Settlement Class Members will be deemed to have released, and by operation of the Final Approval Order shall have fully, finally, and forever released, relinquished, and discharged Defendant and Defendant's Related Parties from any and all *class* claims for damages, declaratory relief, or injunctive relief, including Unknown Claims for such relief, arising out of, or related to, claims involving the identical factual predicate asserted in the Action arising out of state or federal law, including any and all such claims relating to Defendant's use of messages on telephone answering devices.

Settlement Class Members will have the right to file only a separate individual action against Defendant and Defendant's Related Parties for actual damages, statutory damages, non-economic damages, costs of bringing the action, attorney's fees, and any other relief afforded under the FDCPA or any other state consumer law. In other words, pursuant to the release in this Settlement, the Settlement Class Members are only releasing their right to pursue the released claims in a class action against the Defendant and Defendant's Related Parties. This Settlement is not intended to settle or release any Settlement Class Member's individual claims for damages,

attorney's fees, or litigation costs. Furthermore, this Agreement is not intended to create any new rights or expand any existing rights that any Settlement Class Member may, or may not, have against Defendant and Defendant's Related Parties under any state or federal law.

**4.      EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

4.1      If the Settlement does not receive Ultimate Approval, then the Settlement and any Stipulation shall become null and void; the effects of such event include, without limitation, that the Defendant shall not be prejudiced in any way from opposing the certification of a class or classes in the Action or in any other litigation, and Settlement Class Counsel will return the Settlement Funds to Defendant. The Defendant expressly states that it would oppose class certification were the matter not to be settled. The Settling Parties acknowledge that the possibility of a grant or denial of class certification is one of the risks being compromised as part of the Settlement. Furthermore, the Settlement Fund shall be returned to the Defendant if an Order of the Court granting Final Approval to the Settlement is overturned after exhaustion of all appeals, and a revised settlement is not submitted to the Court within 180 days following the exhaustion of such appeals.

4.2      In the event that the Settlement does not receive Ultimate Approval, or the Stipulation is terminated, or fails to become effective in accordance with its terms, the Settling Parties and the Settlement Class Members shall all be restored to their respective positions in the Action as of the business day immediately preceding the signing of this Stipulation.

**5.      PRELIMINARY APPROVAL.**

As soon as practical after the execution of this Agreement, Settlement Class Counsel will file a Motion For Class Certification and Preliminary Approval of Class Settlement Agreement ("Motion"), which will include a copy of this Agreement attached to the Motion as Exhibit A, a

proposed Preliminary Approval Order in the form attached to the Motion as <u>Exhibit B</u>, a proposed Final Order in the form attached to the Motion as <u>Exhibit C</u>, and will seek entry of the Preliminary Approval Order including:

(a)   Defining the Settlement Class;

(b)   Defining the Settlement Class Claims;

(c)   Appointing Class Counsel;

(d)   Preliminarily approval of this Settlement;

(e)   Directing notice to the Class as set forth in this Agreement; and

(f)   Setting a date for a hearing pursuant Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure to determine whether the settlement is fair, reasonable, and adequate.

**6.   MISCELLANEOUS PROVISIONS**

6.1    The Settling Parties acknowledge that it is their intent to consummate this Settlement, and agree to cooperate fully with one another in taking whatever steps are necessary and appropriate to complete the Settlement, including seeking both Preliminary, Final, and Ultimate Approval of the Settlement, and to use their best efforts to effectuate the full performance of the terms of the Settlement, and to protect the Settlement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to the facts or claims alleged in the Action, if so required.

6.2    To the extent that any disputes or issues arise with respect to documenting the Settlement, the Settling Parties agree to use their best efforts to informally resolve any such disputes or issues; but, in the event any such dispute or issue cannot be resolved informally, to bring any such dispute or issue to the Court for resolution.

6.3     The Settling Parties intend for this Settlement to be a final and complete resolution of all disputes between them with respect to the Action, except as specifically provided for herein. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense except as expressly stated herein. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at all times at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent and experienced legal counsel.

6.4     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)     is, or may be deemed to be, or may be used as an admission or evidence of, the validity of any claims asserted in the Action, or of any wrongdoing or liability on the part of Defendant, except as expressly stated herein; or

(b)     is, or may be deemed to be, or may be used as an admission or evidence of any fault or omission of the Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except as expressly stated herein. Defendant may file the Stipulation and/or the Final Approval Order in any action that has been, or which may be, brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion, or any similar defense or counterclaim.

6.5     No person shall have any claim against Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Stipulation or any Settlement-

Page 15

related order(s) of the Court.

6.6     This Stipulation may be amended or modified only by a written instrument signed by Defendant's Counsel and Settlement Class Counsel, or their respective successors-in-interest.

6.7     This Stipulation constitutes the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, other than those contained here. This Stipulation replaces and voids any and all previous agreements concerning settlement of the Action. Except as provided *supra* with respect to Settlement Class Counsels' Fees, each Settling Party shall bear its own costs.

6.8     Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Settlement Class Representative Plaintiffs to take all appropriate action required or permitted to be taken by the Plaintiff Settlement Class pursuant to the Stipulation to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem necessary or appropriate.

6.9     Each attorney executing the Stipulation on behalf of any Settling Party warrants that such attorney has the full authority to do so. Settlement Class Counsel shall obtain the signature of the Settlement Class Representative Plaintiffs.

6.10    This Stipulation may be executed in one or more counterparts. All executed counterparts, and each of them, shall be deemed to be one and the same instrument. Facsimile signatures shall deemed originals. A complete set of executed counterparts shall be filed with the Court.

6.11    This Stipulation is binding upon, and inures to the benefit of, the successors and assigns of the Settling Parties.

6.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation. The Settling Parties shall present the Court with proposed Orders that allow for such retention of jurisdiction, in accordance with applicable law.

6.13    The Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by the internal, substantive, laws of the State of New York without giving effect to that State's choice-of-law principles.

7.14    Settlement Class Counsel represent that they have no other individual clients who have currently engaged them to pursue claims brought in the Action against Defendant.

7.15    If any Settling Party commences any action arising out of this Stipulation, including, without limitation, any action to enforce or interpret this Stipulation, the prevailing party or parties in such action shall be entitled to recover its reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Settling Parties to compensate fully the prevailing party for all attorneys' fees paid or incurred in good faith.

**IN WITNESS WHEREOF**, the Settling Parties hereto, acting by and through their respective counsel of record, have so agreed.

| | |
|---|---|
| **Defendant:** | **Plaintiffs:** |
| NATIONAL ENTERPRISE SYSTEMS, INC. | |

By: _____

Its: *President, Ernie Pollak*

Dated:  June 2, 2010

_____

RICHARD GRAVINA

Dated:  June 2, 2010

Jacqueline Day
Resident Summit County
Notary Public, State of Ohio
My Commission Expires: 10/3/11

_____

ANNA PAWELCZAK

Dated:  June 2, 2010

_____

DANE WOOD

Dated:  June 2, 2010

_____

LISA WOOD

Dated:  June 2, 2010

**Attorneys for Defendant:**

MEL HARRIS & ASSOCIATES, LLC

**Attorneys for Plaintiffs:**

LAW OFFICE OF ROBERT L. ARLEO

_____

Arthur J. Sanders, Esq.
Scott Evan Wortman, Esq.
5 Hanover Square, 8th Floor
New York, New York 10004
Telephone: (212) 660-1050
Facsimile:  (212) 660-1016
Dated:  June 2, 2010

_____

Robert L. Arleo, Esq.
164 Sunset Park Road
Haines Falls, New York 12436
Telephone: (518) 589-5264
Facsimile:  (518) 751-1801
Dated:  June 2, 2010

Page 18

LAW OFFICE OF WILLIAM F. HORN

_____

William F. Horn, Esq.
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
Dated:  June 2, 2010