UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RICHARD GRAVINA, et. al,                          No. 09-cv-2942 (JFB)(MLO)

    Plaintiffs,

NATIONAL ENTERPRISE
SYSTEMS, INC., et al,

    Defendants
_____/

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY RODOLFO CAPOTE, BRIAN C. DAWSON AND NATALIE J. DAWSON

Rodolfo Capote and Brian C. and Natalie J. Dawson, on behalf of themselves and the Florida classes they seek to represent, move to intervene in this matter to object to the proposed certification and settlement of this case brought for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§1692 *et seq.* as a nationwide no-notice, no opt-out class under Rule 23(b)(2).

I.    **INTRODUCTION**

National Enterprise Systems, Inc. (NES) is a collection agency that does business throughout the United States including Florida.  In operating its debt-collection business, NES  leaves telephone messages in which it fails to meaningfully disclose its identify or to state that the call is from a debt collector as required under 15 U.S.C. §§1692d(6) and e(11).  *See Edwards v. Niagara Credit Solutions Inc.*, 586 F.Supp.2d 1346, 1352-53 (N.D.Ga. 2008), *aff'd on other grounds*

1

584 F.3d 1350 (11th Cir. 2009); *Drossin v. National Action Financial Services, Inc.*, 641 F.Supp.2d 1314, 1318-20 (S.D.Fla. 2009).

On July 2, 2010, Rodolfo Capote filed a class action lawsuit against NES in the United State District Court, Southern District of Florida. Similarly, on July 14, 2010, Brian C. and Natali J. Dawson filed a class action lawsuit against NES in the United State District Court, Middle District of Florida. These consumers did so to stop NES's abusive, misleading, and illegal collection practices and to obtain compensation for class members who had been been subjected to these collection practices of NES.

Capote and the Dawsons have learned that NES is attempting to settle the above- captioned matter on a nationwide basis without giving notice to members of the purported settlement class, without distributing any funds to the class members, and without affording them an opportunity to exclude themselves from the proposed class settlement. The proposed settlement, if approved, would create a nationwide plaintiffs' class and dismiss all class claims being brought against NES anywhere in the United States. This proposed settlement is designed to insulate NES from liability for its past collection practices and block all class claims presently pending against it and bar such claims in the future. The parties in *Gravina* describe the statutory damages recovered for the nationwide class as insignificant, so insignificant that the class members would not be notified of the proposed settlement or given the opportunity to opt-out. Therefore, Mr. Capote and Mr. and Mrs. Dawson seek to intervene in the present action to protect the rights of

2

the putative Florida class members by opposing Rule 23(b)(2) certification of a nationwide class in this case or any class that would include Florida class members.

A copy of the Intervenors' proposed complaint is attached as <u>Exhibit A</u> is attached to the accompanying Declaration in Support of Brian L. Bromberg, dated September 13, 2010.

## II. FACTUAL BACKGROUND

### A. *Capote v. NES*

Rodolfo Capote is the named plaintiff in a federal class action lawsuit filed on July 2, 2010, in the Southern District of Florida, Case No. 10-cv-1140, against defendant NES alleging violations of the FDCPA. A copy of the *Capote* complaint is attached as <u>Exhibit B</u> to the accompanying Declaration in Support of Brian L. Bromberg. The proposed class in *Capote* includes all Florida residents who were left a prerecorded telephone message by NES during the one year period before filing the lawsuit, which failed to disclose that the message was from a debt collector in an attempt to collect a debt allegedly due Bank of America or Verizon Wireless incurred for personal, family, or household purposes.

Specifically, Capote alleges in his complaint that NES has left prerecorded telephone messages for Florida residents in which it failed to meaningfully disclose its identify as NES and/or to state that the call was from a debt collector when attempting to collect a debt incurred for personal, family, or household purposes allegedly due Bank of America or Verizon Wireless in violation of the FDCPA, *i.e.* –

1. Failing to meaningfully identify itself in violation of 15 U.S.C. §1692d(6), and

2. Failing to state that the call was from a debt collector in violation of 15 U.S.C. §1692e(11).

### B. *Dawson v. NES*

Brian C. and Natalie J. Dawson are the named plaintiffs in a federal class action lawsuit filed on July 14, 2010, in the Middle District of Florida, Case No. 6:10-cv-1048-Orl-28GJK, against defendant NES alleging violations of the FDCPA. A copy of the *Dawson* complaint is attached as Exhibit C to the accompanying Declaration in Support of Brian L. Bromberg. The proposed class in *Dawson* includes all Florida residents who were left a telephone message by NES during the one-year period before filing the lawsuit which failed to disclose that the message was from a debt collector in an attempt to collect a debt allegedly due Sallie Mae incurred for personal, family, or household purposes.

Specifically, the Dawsons allege in their complaint that NES has left telephone messages for Florida residents in which it failed to meaningfully disclose its identify as NES and/or to state that the call was from a debt collector when attempting to collect a debt incurred for personal, family, or household purposes allegedly due Sallie Mae in violation of the FDCPA, *i.e.* --

1. Failing to meaningfully identify itself in violation of 15 U.S.C. §1692d(6), and

2. Failing to state that the call was from a debt collector in violation of 15 U.S.C. §1692e(11).

    C.    *Gravina v. NES*

In *Gravina v. NES*, violation of the federal Fair Debt Collection Practices Act is also alleged. No motion for class certification or dispositive motions have been filed.

    D.    **The Proposed Settlement in *Gravina***

According to the Stipulation for Settlement (Document 33-1) filed in *Gravina* the proposed settlement includes the following:

1. A proposed nationwide class consisting of over 1,000,000 members.

2. A proposed class recovery which would be 1% of NES's net worth, *i.e.* - $31,907.43, as statutory damages under the FDCPA. 15 U.S.C. §1692k(a)(2)(B). The Stipulation pf Settlement states this is a *de minimus* class recovery. No distribution would be made to the class members. This amount is proposed to be distributed as a *cy pres* payment to National Consumer Law Center.

3. The four named plaintiffs would be paid $1,000 each as FDCPA statutory damages and $1,500 each for their services, a total of $2,500 each, or a grand total of $10,000.

4. Under Rule 23(b)(2), a nationwide class would be certified and no member would be notified or be afforded the opportunity to opt-out.

5. The Stipulation of Settlement contemplates an award of counsel fees and expenses, but does not disclose the amount.

6. The settlement releases "any and all <u>class</u> claims for damages, declaratory relief, or injunctive relief." (Emphasis in the original.) "The Settlement Class

Members are only releasing their right to purse the released claims in a class action against the Defendant and Defendant's Related Parties."

### III. CAPOTE AND THE DAWSONS SHOULD BE ALLOWED TO INTERVENE TO PROTECT THE INTERESTS OF ABSENT FLORIDA CLASS MEMBERS ADEQUATELY .

#### A. Standards for Allowing Intervention as of Right.

Intervention as of right is available under Fed.R.Civ.P. 24(a). That section provides that anyone shall be permitted to intervene in an action who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Intervention as of right is to be construed liberally and doubts resolve in favor of the proposed intervenor. *United States v. Union Electric Co.,* 64 F.3d 1152, 1158 (8th Cir. 1995).

An intervenor has an interest in the transaction that may be impaired or impeded when the intervening party will be legally bound by the judgment. *See e.g. Triax Co. v. TRW*, 724 F.2d. 1224, 1227 (6th Cir. 1984). Having shown an interest in the litigation that may be impaired, the intervenor need only satisfy the "minimal" burden of showing that the representation of the intervenor's interests "may be inadequate." *Tribovich v. United Mine Workers of Am.,* 404 U.S. 528, 538, n. 19. (1972); *Turn Key Gaming, Inc. v. Miler & Schroeder Investments, Corp.*, 164

F.3d 1080, 1082 (8th Cir. 1999). In the context of a class action, due process requires that any possibility of inadequate representation is sufficient to allow class members to intervene. See *Walker v. City of Mesquite*, 858 F.2d 1071, 1073-1074 (5th Cir. 1988) ("Intervention is a means whereby class members can monitor the representation of their rights, *citing Guthrie v. Evans*, 815 F.2d 626, 628 [11th Cir. 1987]). Where a proposed intervenor may have different incentives to pursue a claim than the existing parties, the proposed intervenor's interests may not be adequately represented, and intervention should be allowed. *Turn Key Gaming, Inc. v. Miler & Schroeder Investments, Corp.*, 164 F.3d at 1082. For instance, where an existing party's interest in settling a lawsuit may diverge substantially from the interests of proposed intervenors, the intervenors satisfy the minimal burden of showing that the representation of their interests by existing parties may be inadequate. *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993).

    **B.    Capote and the Dawsons Should Be Allowed to Intervene Because the Interests of the *Capote* and *Dawson* Classes Would Be Impaired by a Judgment in *Gravino*.**

Capote and the Dawsons are seeking to intervene to oppose certification of an FDCPA class under Rule 23(b)(2) and the proposed class action settlement. As class representatives, intervenors have an interest in *Gravino v. NES* to the extent that the parties in *Gravino* seek certification of a nationwide class without notice to, or the opportunity to opt-out for, all class members. The interests of the intervenors and members of the Florida classes they seek to represent will be impaired to the

extent that they are bound by the proposed settlement of *Gravina*. Finally, it is clear from the litigation history and the proposed nationwide settlement in *Gravina* that the interests of Florida class members may not be adequately represented by the *Gravina* plaintiffs. The legal claim that these respective cases have in common arises under the FDCPA.

Further, as previously noted, inadequate representation may be shown where an existing party's interest in settling a lawsuit may diverge substantially from the interests of proposed intervenors. *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d at 1001. It cannot be denied that the *Gravina* plaintiffs' interest in the proposed settlement "may diverge substantially" from that of Capote, the Dawsons, and the proposed Florida classes. It would be unfair to allow the *Gravina* plaintiffs to impose a nationwide settlement settlement on the Intervenors and proposed Florida classes without notice and the opportunity to exclude themselves.

Thus, Mr. Capote and Mr. and Mrs. Dawson should be permitted to intervene as a matter of right under Rule 24(a).

### IV. ALTERNATIVELY, PERMISSIVE INTERVENTION SHOULD BE ALLOWED PURSUANT TO RULE 24(b)

Alternatively, permissive intervention is available under Rule 24(b)(1), which provides that the court may allow one to intervene who "(B) has a claim or defense that shares with the main action a common question of law or fact."

8

Core issues common to *Gravina v. NES*, *Capote v. NES*, and *Dawson v. NES* are (1) whether a class should be certified in any of these lawsuits; (2) if a class is certified, the scope of the class; (3) whether NES violated the FDCPA; and (4) the remedy available. The *Gravina* case will not be unduly delayed by intervention. This Court has not yet considered class certification; no class certification motion has been filed in *Gravina*,

Thus, Mr. Capote and Mr. and Mrs. Dawson should be permitted to intervene under Rule 24(b).

## V. THE RIGHTS WHICH INTERVENORS SEEK TO PROTECT

The proposed class certification under Rule 23(b)(2) and class settlement in *Gravina* would eliminate all present and future class claims for similar violations of the FDCPA against NES anywhere in the United States without providing notice to the class members or affording them with the opportunity to exclude themselves. Capote and the Dawsons seek to protect their rights and the rights of the Florida class members they wish to represent.

This Court has previously determined that such a procedure is improper: "Certification under Rule 23(b)(2) is inappropriate in an FDCPA action." *Larsen v. JBC Legal Group, P.C.*, 235 F.R.D. 191. 195 (E.D.N.Y. 2006). The *Larsen* court stated further:

> [A]lthough the Second Circuit Court of Appeals has not yet addressed this issue, other district courts in this circuit (as well as the Third, Seventh, and Eleventh Courts of Appeals), have held that certification under Rule 23(b)(2) is not appropriate in FDCPA cases. *See id.* at 298 (citing cases). *See also, e.g., Vega v. Credit Bureau Enterprises,* No. CV

9

> 02-1550, 2005 WL 711657, at *5 (E.D.N.Y. March 29, 2005)(noting that certification under 23(b)(2) is inappropriate in a FDCPA case because "although plaintiff additionally seeks declaratory and injunctive relief, plaintiff's eligibility for statutory damages comes directly from the FDCPA and not merely from a declaration that the [defendant's] letter violated the FDCPA"); *Petrolito v. Arrow Financial Services, LLC,* 221 F.R.D. 303, 312 (D.Conn.2004) (denying plaintiff's motion for class certification under Rule 23(b)(2), and noting that practically speaking, FDCPA cases do not primarily concern declaratory or injunctive relief, because "even if the court were to issue a declaratory ruling that [the defendant] violated the FDCPA by its debt collection practices, that declaration would not have the practical effect of an injunction, or correspond to injunctive relief."); *Goldberg v. Winston & Morrone, P.C.,* No. 95 Civ. 9282, 1997 WL 139526, at *4 (S.D.N.Y. March 26, 1997) (denying plaintiff's motion for class certification under Rule 23(b)(2), stating that "[i]t has long been the rule in this Circuit that 'Subsection (b)(2) was never intended to cover cases such as this where the primary *199 claim is for damages, but is only applicable when the relief sought is exclusively or predominantly injunctive or declaratory.'") (quoting *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 564 (2d Cir.1968)). Not surprisingly, the plaintiff has not cited any cases where a court in the Second Circuit has granted 23(b)(2) class certification in an FDCPA case, and the Court's own search has not revealed any.

*Id.* at 198-99.

Thus, the *Gravina* plaintiffs' attempt to certify this FDCPA claim as a class action under Rule 23(b)(2) is impermissible. A Rule 23(b)(2) class action is not appropriate where the "'appropriate relief relates exclusively or predominantly to monetary damages.'" *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir.1983) (quoting Fed.R.Civ.P. 23(b)(2) Advisory Committee Notes (1966 Amendment)). As the U.S. District Court for the Southern District of Florida has previously found, the FDCPA "specifically provide[s] for money damages as the appropriate relief," but does not specifically provide for injunctive relief. *Hicks v. Client Servs., Inc.*, 2008 WL 5479111, *10 (S.D.Fla. Dec.11, 2008); *Drossin v.*

10

*National Action Financial Services, Inc.*, 255 F.R.D. 608, 618 (S.D.Fla.,2009); *Agan v. Katzman & Korr*, 222 F.R.D. 692, 702 (S.D.Fla. 2004) ;*see also,* 15 U.S.C. §§ 1692k(a)(2)(B), 1692k(a)(3). Therefore, the appropriate relief for an FDCPA action is monetary damages, and a Rule 23(b)(2) action and hybrid class action would be improper. *Hicks*, 2008 WL 5479111 at *10; *Agan,* 222 F.R.D. at 702; *see also, Anderson v. Capital One Bank,* 224 F.R.D. 444, 448 (W.D.Wis.2004).

Thus, the proposed class in *Gravina* cannot be certified under Rule 23(b)(2). Class certification in *Gravina*, if granted, should be udner Rule 23(b)(3) with notice to and an opportunity to exclude themselves for the class members. Rule 23(c)(2)(B).

## VI. CONCLUSION

Rodolfo Capote, Brian C. Dawson, and Natalie J. Dawson respectfully request that their motion to intervene be granted and that they be allowed to appear and participate in this litigation as intervenors.

Dated: New York, New York
September 13, 2010

/s/ Brian L. Bromberg
Brian L. Bromberg

Attorneys for Intervenors
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906
brian@bromberglawoffice.com

11

O. Randolph Bragg*
Horwitz, Horwitz & Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

Donald E. Petersen*
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
(407) 648-9050
E.C.F. (Only): depecf@cfl.rr.com
Email: petersen221@yahoo.com

Donald A. Yarbrough*
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: (954) 537-2000
donyarbrough@mindspring.com

*Out-of-state counsel are not admitted in this Court.