**ROBERT L. ARLEO, ESQ.**
164 Sunset Park Road
Haines Falls, NY 12436

Telephone: (518) 589-5264                                              Facsimile: (518) 751-1801
Email r.arleo@verizon.net

October 28, 2010

Hon. Joseph F. Bianco, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722
*Via ECF Filing Only*

      Re:    *Richard Gravina, et al. v. National Enterprise Systems, Inc.*
            E.D.N.Y. Case. No.: 2:09-CV-02942-JFB-MLO

Dear Judge Bianco:

    I am co-counsel for the Plaintiffs named in the above-entitled action. Currently pending before the Court is a Motion to Intervene, which was filed on September 13, 2010, by Plaintiff-Intervenors Rodolfo Capote, Brian C. Dawson, and Natalie J. Dawson. [Doc. 53]. On October 4, 2010, the Court entered a Scheduling Order, which directed to the Parties to the referenced matter to file any opposition to the motion to intervene by November 1, 2010. For the reasons set forth below, my co-counsel, William F. Horn, and I, at the request of Defendant, respectfully request that Your Honor stay the pending motion to intervene for 30 days.

*Factual & Procedural Background*

    Plaintiffs filed the referenced lawsuit on July 9, 2009 [Doc. 1] and filed an amended class action complaint on July 15, 2009 [Doc. 3]. Each of the Plaintiffs are consumers who allegedly became delinquent on a consumer debt. Plaintiffs contend that in attempting to collect consumer debts from them, and the proposed settlement class they seek to represent, Defendant National Enterprise Systems, Inc. ("NES") left "pre-recorded" and "live" telephone voice messages for them that violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"). The Plaintiffs allege that NES's telephone messages failed to provide meaningful identification of the caller in violation of 15 U.S.C. §1692d(6), and that the messages also failed to give the disclosures required by 15 U.S.C. §1692e(11).

    After months of contentious and protracted discovery practice and settlement negotiations, the Parties informed the Court that they had reached a class settlement that resolved the referenced case on behalf of a national class. [Doc. 34]. The class settlement negotiated by the Plaintiffs herein includes the following terms and is nothing short of extraordinary relief: (1) *maximum* class damages available under 15 U.S.C. § 1692k; (2) *maximum* statutory damages for

Hon. Joseph F. Bianco, U.S.D.J.
October 28, 2010
Page 2

each individual Plaintiff; (3) a $1,500.00 incentive award for each individual Plaintiff; (4) preservation of **all** class members' rights (including the herein Plaintiff-Intervenors) to pursue their individual claims for relief from NES for all claims since July 8, 2008; (5) a declaration of liability, which collaterally estopps NES in future litigation from re-litigating the same legal claims; and perhaps most importantly (6) a thirteen month "reporting" injunction that requires NES to report all formal and informal complaints it receives involving the claims at issue in this lawsuit. The injunctive relief that the herein Plaintiffs negotiated is relief that, pursuant to federal FDCPA caselaw regarding attempts to obtain injunctive relief, is not available to private litigants in FDCPA actions. Importantly, NES is subject to monetary sanctions by the Court, in an amount exceeding the FDCPA statutory damage limit, if NES is ever found to have violated the terms of the injunction which we have obtained.

The terms of the foregoing class settlement, however, provided for no notice to the class and no-opts because the class was being certified pursuant to Fed. R. Civ. P. 23(b)(2), which does not require notice and does not permit class members to opt-out. The Parties have elected to seek certification pursuant to Rule 23(b)(2) because: (1) NES had agreed to pay the *maximum* class damages recoverable under the FDCPA; (2) class members' rights to subsequently file their own individual lawsuit for money damages were not impaired in any manner by the settlement; and (3) the class statutory damages flow directly from the injunctive relief and are readily calculable, such that the non-monetary relief predominates over the request for damages. District Courts throughout the United States, and particularly in the Eastern and Southern Districts of New York, have granted class certification on this basis in other FDCPA class actions.

Notwithstanding the above, Plaintiff-Intervenors are unsatisfied with the *maximum* damages negotiated by the herein Plaintiffs, and now seek permission to intervene in this case so that they may attempt to obtain class damages in excess of that which is permitted by statute. Accordingly, NES has retained attorney David Israel of the law firm Sessions, Fishman, Nathan & Israel, LLC, to represent it in the two cases filed by the Plaintiff-Intervenors in the State of Florida [*Capote v. National Enterprise Systems, Inc.*, S.D. Fla. Case No. 10-cv-1140 ("Capote Lawsuit"); and *Dawson , et al. v. National Enterprise Systems, Inc., et al.*, M.D. Fla. Case No. 6:10-cv-1048-ORL-GJK ("Dawson Lawsuit"). Mr. Israel has informed me that he and his law firm are taking over NES's defense in this case and that he will imminently be entering an appearance, and that he has retained Kevin Barry McHugh, Esq. to serve as his local counsel. [Docs. 54 & 55].

It has been the herein Plaintiffs' objective to avoid multiplying the proceedings in such a way that would waste the valuable time and resources of the Parties, this Court, and the District Courts in Florida handling the Capote Lawsuit and Dawson Lawsuit; Mr. Israel and his law firm have indicated to me that they too share this objective. Consequently, since the filing of Plaintiff-Intervenors motion, Mr. Horn and I have been engaged in frequent discussions with Mr. Israel, and he has advised us that he is actively negotiating a class settlement agreement with the multiple attorneys representing Plaintiff-Intervenors. Mr. Israel has advised us that these attorneys for the Plaintiff-Intervenors have agreed to consolidate their two artificial micro class actions into one class action, which would encompass the entire State of Florida. Mr. Israel has further advised us that, as part of the proposed settlement with the Plaintiff-Intervenors, NES has

Hon. Joseph F. Bianco, U.S.D.J.
October 28, 2010
Page 3

agreed to "carve out" the referenced consolidated Florida class action from the herein proposed class settlement agreement. That said, Mr. Israel recently indicated to me that he needs additional time to complete the proposed carve-out class settlement with the Plaintiff-Intervenors.

After speaking with the herein Plaintiffs, and based upon all of Mr. Israel's representations to us, Mr. Horn and I are willing to allow Mr. Israel 30 days to formally consummate the settlement agreement which he believes he can effect. Indeed, it is in the best interests of the class defined in the above-entitled action to defuse the interference now being advanced by the Plaintiff-Intervenors so that our class settlement can be completed.

Based on Plaintiffs' research and investigation, it appears that Mr. Bromberg, his co-counsels, and the Plaintiff-Intervenors do not share the herein Plaintiffs' and NES's concern or objective to refrain from multiplying these proceedings and wasting judicial resources. In the interest of brevity, however, the herein Plaintiffs will save these arguments concerning the credibility, veracity, and motives of the Plaintiff-Intervenors and their attorneys, and the lack of merit concerning their claims, for Plaintiffs' opposition in the event NES is unable to finalize the terms of its class settlement agreement with the Plaintiff-Intervenors.

*Conclusion*

In light of the foregoing, Plaintiffs respectfully request that Your Honor stay the deadline for their opposition to the pending motion to intervene [Doc. 53] until December 1, 2010.

Thank you for your consideration of this herein request.

Sincerely,
*/s/ Robert L. Arleo*
Robert L. Arleo

RLA:gra
cc:   All Counsel of Record *via ECF Filing Only*
       David Israel, Esq. *via e-mail only*
       Dayle M. Van Hoose, Esq. *via e-mail only*