UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD GRAVINA, an individual; ANNA
PAWELCZAK, an individual; DANE
WOOD, an individual; and LISA WOOD, an
individual; on behalf of themselves and all
others similarly situated,

                                Case No. 2:09-cv-2942-JFB-AKT

                Plaintiffs,

vs.

NATIONAL ENTERPRISE SYSTEMS, INC.,
an Ohio Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                Defendants.
-----------------------------------------------------------X

**DEFENDANT'S OBJECTION TO PLAINTIFFS' CONSENT MOTION FOR AN ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF CLASS ACTION SETTLEMENT AND INJUNCTIVE RELIEF**

      Defendant, National Enterprise Systems, Inc. (NES), through counsel and pursuant to this Court's April 12, 2011 order, hereby files its limited objection to the Consent Motion for An Order Certifying Class And Granting Approval Of Class Action Settlement And Injunctive Relief (Preliminary Approval Motion) filed by plaintiffs, Richard Gravina, Anna Pawelczak, Dane Wood, and Lisa Wood (Plaintiffs). NES objects to the Preliminary Approval Motion only to the extent additional language is necessary in the motion, proposed preliminary approval order and final order to reflect the parties' previous agreement not to use the *Gravina* settlement in any way to bar or hinder the state-wide class action settlement in the 2 Florida class actions filed by the

intervenors, Rodolfo Capote, Brian Dawson and Natalie Dawson (the Intervenors). NES submits the following in support of its limited objection:

1. On July 9, 2009, Plaintiffs filed this national class action alleging NES violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, by leaving telephone messages for Plaintiffs in an attempt to collect a debt that failed to include FDCPA required disclosures. (Dkt. 1)

2. On or about June 2, 2010, the parties entered a FED. R. CIV. P. 23(b)(2) injunction class action settlement, and on June 8, 2010, the parties filed a Notice of Class Action Settlement. (Dkt. 34) Under the agreement, the class members will receive the benefit of a 13-month injunction, NES will pay a *cy pres* award consisting of 1% of its net worth, and the class members will release their rights to bring future damages class actions but retain their rights to bring individual damages cases against NES. *Id.*

3. On July 2, 2010, Intervenor Rodolfo Capote filed a nearly identical Florida class action in the Southern District of Florida captioned *Capote, Rodolfo v. National Enterprise Systems, Inc.*, Case No. 10-cv-61140. On July 14, 2010, Intervenors Brian and Natalie Dawson also filed a nearly identical Florida class action in the Middle District of Florida captioned *Dawson, Brian C. and Natalie J. v. National Enterprise Systems, Inc.*, Case No. 10-cv-01048 (*Dawson* has since been transferred to the Southern District of Florida, Case No. 10-cv-20264). A joint Motion to Consolidate these class actions has been filed.

4. On September 13, 2010, the Intervenors (through joint counsel Brian L. Bromberg) filed a motion to intervene in *Gravina*. (Dkt. 53) Due to apparent personality

conflicts between proposed class counsel in this case and the Florida cases where such counsel would not communicate with each other, NES' counsel immediately commenced negotiating a global resolution to address the Intervenors' concerns, while also leaving in tact the *Gravina* settlement, not yet approved by the Court.

5. As reflected in letters to the Court issued by undersigned counsel, Robert Arleo, plaintiffs' counsel in *Gravina*, and Brian Bromberg, counsel for the Intervenors, all parties (Plaintiffs, Intervenors and NES) agreed NES would negotiate a separate Florida class settlement of the *Dawson* and *Capote* cases and the *Gravina* settlement would not be used in any way to argue the *Dawson/Capote* agreement was not binding or enforceable. In other words, the *Dawson/Capote* class would be "carved-out" for purposes of the Fed. R. Civ. P. 23(b)(3) damages class action a bar in the *Gravina* settlement. The *Dawson/Capote* class members would receive the same injunction benefit as all the *Gravina* class members.

6. Accordingly, on October 28, 2010 in Plaintiffs' counsel Robert Arleo's letter requesting to stay the motion to intervene, he reported to the Court "since the filing of Plaintiff-Intervenors motion, Mr. Horn and I have been engaged in frequent discussions with Mr. Israel, and he has advised us that he is actively negotiating a class settlement agreement with the multiple attorneys representing Plaintiff-Intervenors. . . . Mr. Israel has further advised us that, as part of the proposed settlement with the Plaintiff-Intervenors, NES has agreed to 'carve out' the referenced consolidated Florida class action from the herein proposed class settlement agreement." (Dkt. 56, attached as **Exhibit A**)

3

7. In a second request to stay, on November 30, 2010, Mr. Arleo further reported: "Today I received notice from two of Defendant's attorneys, David Israel and Dayle Van Hoose, who informed me that the Defendant and Interveners are close to finalizing their settlement and expect to have it completed in the next few days." (Dkt. 60, attached as **Exhibit B**) In a letter that same day, NES' counsel, Kevin Barry McHugh, confirmed: "As part of the settlement, the intervention will be withdrawn." (Dkt. 61, attached as **Exhibit C**)

8. On or about December 19, 2010, NES finalized its settlement with *Dawson/Capote* and the parties executed the Florida class action settlement agreement.

9. Then, per all parties' agreement, on December 19, 2010, the Intervenors filed a letter requesting to withdraw their motion to intervene. In his letter to the Court, Intervenor attorney Brian L. Bromberg wrote: "I am writing to request permission to withdraw the pending motion to intervene . . . . I am making these requests because my co-counsel and I have resolved our dispute by agreeing to carve out the Florida classes and settle their claims separately . . . ." (Dkt. 67, attached as **Exhibit D**) On December 21, 2010, the Court entered a paperless Order terminating the motion to intervene.

10. On April 25, 2011, Plaintiffs filed their Preliminary Approval Motion seeking Court approval of the settlement in this case. (Dkt. 74) In the Motion, Plaintiffs acknowledge the *Dawson/Capote* cases stating: "Settling Parties have further stipulated that certification of the Settlement Class is conditioned upon: . . . (e) except for two Florida class action lawsuits, which are currently subject to a Motion for Consolidation and Motion for Class Certification, there are no other class actions being certified against

4

the Defendant that assert causes of action substantially identical to those asserted by Plaintiff in the present case." *Id*. at ¶ 5.03(e).

11.  However, concerned the *Dawson/Capote* class members were not adequately protected by this language, on May 2, 2011 the Intervenors filed a letter seeking to reinstate their motion to intervene. (*See generally* Dkt.) Florida counsel are concerned the existing proposed Motion would somehow place at risk their Rule 23(b)(3) settlement.

12.  Although NES' counsel believes the *Dawson/Capote* class members are protected by the language in both the *Gravina* Preliminary Approval Motion and the *Dawson/Capote* settlement agreement[1], in an effort to address the Intervenors' concerns and eliminate any possible ambiguity, NES' counsel conferred with Messrs. Arleo and Horn to discuss the concerns raised by Florida counsel. On May 5, 2011, the proposed language below was sent to plaintiffs' attorneys in this case. Undersigned counsel also spoke with Florida counsel and suggested the following language be added to the *Gravina* Preliminary Approval Motion, as ¶ 5.03(f):

> The parties stipulate and agree the proposed settlement, preliminary approval order and final order in this case will in no way affect the proposed class action settlement in the 2 Florida class actions (pending motions to consolidate), *Dawson, Brian C. and Natalie J. v. National Enterprise Systems, Inc.*, pending in the United States District Court for the Southern District of Florida, Case No. 11-cv-20264, and *Capote, Rodolfo v. National Enterprise Systems, Inc.*, pending in the United States District Court for the Southern District of Florida, Case No. 10-cv-61140. NES

---

[1] The *Dawson/Capote* agreement provides: "NES agrees and stipulates that neither the proposed settlement in the *Gravina v. NES* matter, nor any order that may be entered in that matter, will affect the terms set forth herein. In other words, the *Gravina* case will <u>not</u> impact the settlement terms set forth herein. NES agrees to comply with the terms of this Agreement and pay the above consideration, and attorney's fees, expenses, and costs to be determined regardless of any order in *Gravina* stating otherwise." *Dawson/Capote* Agreement at ¶ 28.

5

agrees to comply with the terms of the proposed Fed. R. Civ. P. 23(b)(3) *Dawson/Capote* settlement agreement, and to pay the agreed consideration, and reasonable attorney's fees, expenses, and costs to be determined by the Court in the Southern District of Florida. Further, the class members in the *Dawson/Capote* cases will enjoy all Fed. R. Civ. P. 23(b)(2) benefits along with their fellow class members in the *Gravina* case.

13. NES further requests the Court add the following language to the proposed preliminary approval order:

> This settlement, order and final order will in no way affect the proposed class action settlement in the 2 Florida class actions (pending motions to consolidate), *Dawson, Brian C. and Natalie J. v. National Enterprise Systems, Inc.*, pending in the United States District Court for the Southern District of Florida, Case No. 11-cv-20264, and *Capote, Rodolfo v. National Enterprise Systems, Inc.*, pending in the United States District Court for the Southern District of Florida, Case No. 10-cv-61140. NES shall comply with the terms of the proposed Fed. R. Civ. P. 23(b)(3) *Dawson/Capote* settlement agreement, and, if approved, pay the agreed consideration, and reasonable attorney's fees, expenses, and costs to be determined by the Court in the Southern District of Florida. Further, the class members in the *Dawson/Capote* cases will enjoy all Fed. R. Civ. P. 23(b)(2) benefits along with their fellow class members in the *Gravina* case.

14. Counsel for the Intervenors have confirmed to undersigned counsel that if such language is added to the Preliminary Approval Motion and order (and similar language is included in the final order), they will withdraw their request to reinstate the motion to intervene. Counsel further requests the Court add similar language to the Final Approval Order in this case when entered.

15. Undersigned counsel has conferred with proposed *Gravina* class counsel and certifies that counsel have been unable to resolve this dispute. *Gravina* counsel expects that in addition to the Rule 23(b)(3) damages rights being enjoyed by the Florida class members that such class members, also a part of this case, should not only receive

the benefit of the Rule 23(b)(2) injunction, but have the right to file an individual lawsuit under the FDCPA. This individual lawsuit right is specifically reserved for *Gravina* class members. Such potential for double recovery was exactly what *Gravina* class counsel recognized when the first intervention was withdrawn and the Florida class members were "carved-out" from such double recovery. Said simply- the Florida members enjoy the purpose of *Gravina*- they receive an injunction in *Gravina* that they do not receive in their Florida class action settlement.

16. Based on the timing of the Florida class actions and *Gravina,* NES is concerned there could be "game playing" and that somehow the *Gravina* case could be subject to final approval before the Florida class actions. If that timing was to occur, an argument could be advanced that NES has breached its obligations in the Florida cases, as ultimately approved by proposed class counsel in *Gravina*, so there would be an improper Rule 23(b)(3) bar preventing final resolution of the Florida cases.

WHEREFORE, NES respectfully requests (1) the Court either amend Plaintiffs' Motion or order Plaintiffs to file an amended Preliminary Approval Motion including the proposed language, (2) the Court add the proposed language to the Preliminary Approval Order, and (3) for such other relief as this Court deems proper.

Respectfully submitted,

/s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
*Admitted Pro Hac Vice*
**SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.**
3350 Buschwood Park Drive, Suite 195
Tampa, FL  33618-4317
Telephone:  (813) 890-2463
Facsimile: (866) 466-3140
dvanhoose@sessions-law.biz

David Israel, Esq.
*Admitted Pro Hac Vice*
**SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C**.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
disrael@sessions-law.biz

Kevin Barry McHugh, Esq.
**LAW OFFICES OF EDWARD GARFINKEL**
12 Metrotech Center, 28th Floor
Brooklyn, NY  11201
Telephone:    (718) 250-1100
Facsimile:     (718) 250-1168
kevin.mchugh@chartisinsurance.com

Attorneys for Defendant,
National Enterprise Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2011, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including:

Robert L. Arleo, Esq.  
Law Office of Robert L. Arleo  
164 Sunset Park Road  
Haines Falls, NY 12436

William F. Horn, Esq.  
Law Office of William F. Horn  
188-01B 71st Crescent  
Fresh Meadows, NY 11365

Brian L. Bromberg, Esq.  
Bromberg Law Office, P.C.  
40 Exchange Place  
Suite 2010  
New York, NY 10005


/s/ Dayle M. Van Hoose  
Attorney

\\sfnfs02\prolawdocs\9651\9651-26742\Gravina, Richard; Anna Pawelczak; Dane Wood & Lisa Wood\420736.doc