UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD GRAVINA, an individual; DANE
WOOD; an individual; and LISA WOOD, an
individual; on behalf of themselves and all
others similarly situated,

                              Plaintiffs,                  **SUPPLEMENTAL REPORT
                                                         AND RECOMMENDATION**
                   -against-                                 CV 09-2942   (JFB) (GRB)

NATIONAL ENTERPRISE SYSTEMS, INC.,
an Ohio Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                              Defendants.
-----------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

       Upon joint request of the parties, this Supplemental Report and Recommendation provides additional details concerning the Report and Recommendation issued on April 30, 2012. I have reviewed the record of the settlement conference in which counsel for plaintiffs and defendants participated on April 26, 2012, and report the following additional findings:

       This action for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (2012) was subject of a substantive settlement reached between the parties, which settlement was approved by the Honorable Joseph F. Bianco. *See* Final Order and Judgment, ECF No. 101. The matter was then referred to the undersigned to meet with the parties in attempt to resolve the issue of attorney's fees and costs without further motion practice. On April 26, 2012, the undersigned met with counsel for plaintiffs and defendants to review the matter in detail. *See* Minute Entry, ECF No. 104. Plaintiffs' counsel presented information related to hours expended and the nature of the work completed, while defendants' counsel presented their own estimates for fees and costs likely incurred by Plaintiffs in the matter. After

1

considerable discussion, and at the suggestion of the undersigned, counsel for the parties agreed to the sum of eighty-five thousand dollars ($85,000.00), to be paid to Plaintiffs' counsel in one initial installment of fifty thousand dollars ($50,000.00) and four monthly payments of eight thousand seven hundred fifty dollars ($8,750.00).

The Court is charged with assessing whether this settlement is fair, adequate, and reasonable. FED. R. CIV. P. 23. Attorneys seeking court approval of fee awards in this Circuit must submit for the Court's review contemporaneous records of the date, the hours expended, and the nature of the work done. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. N.Y. 1983). The Second Circuit recognizes that, where detailed review of attorney records would demand unreasonable Court resources, it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application. *Id.* at 1146 (noting the widespread practice of percentage cuts as a "means of trimming fat from a fee application"). The Supreme Court has also cautioned against turning a request for attorneys' fees into a second major litigation. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001). The assessment of reasonableness is properly committed to the sound discretion of the Court. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

Plaintiffs' counsel here made presentations concerning dates, number of hours spent, appropriate rates, and tasks completed that would support a higher fee award than the eventual proposed settlement. Defendant's counsel provided information about their views of the reasonableness of the fees being requested, including contentions regarding whether all fees claimed were appropriately compensable. After meaningful negotiations, the parties agreed to the amount set forth above. It is worth noting that plaintiffs' counsel represented a class estimated to include over a million members, and invested significant resources in a matter that

2

lasted approximately two years. *See* Final Order & J., ECF No. 101; s*ee generally* ECF Nos. 17-93.

As indicated on the record immediately following the settlement discussion, after careful review, I find that the amounts agreed upon provide a reasonable estimate of the attorneys' fees incurred, and reasonably accounted for the risks (including ability to pay), costs and burdens of proceeding with further motion practice. Accordingly, I find the settlement regarding attorney's fees and costs in this matter to be fair, adequate and reasonable, and respectfully recommend that the Court accept the settlement.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1) (2012); FED. R. CIV. P. 72; FED. R. CIV. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 22, 2012

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge