UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

RICHARD GRAVINA, an individual;  :
DANE WOOD; an individual;  :
and LISA WOOD; an individual;  :
on behalf of themselves and all others similarly  :
situated,  :
  :
          Plaintiffs,  :
  :
          – against –  :
  :
NATIONAL ENTERPRISE SYSTEMS, INC.,  :
an Ohio Corporation; and JOHN  :
AND JANE DOES NUMBERS 1 THROUGH 25,  :
  :
  :
          Defendants.  :
  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOSEPH F. BIANCO, District Judge:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 2 4 2012   ★

LONG ISLAND OFFICE

ORDER
09-CV-2942(JFB)(GRB)

On July 9, 2009, plaintiffs filed the complaint in this action on behalf of themselves and

others similarly situated. On July 15, 2009, plaintiffs filed an amended complaint. By letter

dated October 26, 2011, defendant National Enterprise Systems. Inc. ("National Enterprise" or

"defendant") filed a letter withdrawing their objection to plaintiffs' consent motion for an order

certifying the class. The Court held a telephone conference on January 9, 2012, and issued

an Order, certifying the settlement class and preliminarily approving the settlement. By Order

dated March 25, 2012, the Court Ordered the final approval of the certification of the class and

the class settlement. On April 30, 2012, the parties appeared before Magistrate Judge Gary

Brown, where the parties discussed settlement in regards to attorneys' fees and costs. On April

30, 2012, Magistrate Judge Brown issued a *sua sponte* Report and Recommendation,

recommending that this Court approve the parties's settlement regarding attorneys' fees and costs

earned during the execution of the class settlement agreement. Upon request of the parties,

Magistrate Judge Brown issued a Supplemental Report and Recommendation on June 22, 2012,

in which Magistrate Judge Brown stated:

> As indicated on the record immediately following the settlement discussion, after careful review, I find that the amounts agreed upon provide a reasonable estimate of the attorneys' fees incurred, and reasonably accounted for the risks (including ability to pay), costs and burdens of proceedings with further proceedings with further motion practice. Accordingly, I find the settlement regarding attorney's fees and costs in this matter to be fair, adequate and reasonable, and respectfully recommend that the Court accept the settlement.

(ECF No. 108.) To date, although the deadline for objections has expired, no objections have

been filed.

When a party submits a timely objection to a report and recommendation, the district

judge will review the parts of the report and recommendation to which the party objected under a

*de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de

novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge

must determine de novo any part of the magistrate judge's disposition that has been properly

objected to. The district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."). Where

clear notice has been given of the consequences of failure to object, and there are no objections,

the Court may adopt the report and recommendation without *de novo* review. *See Thomas v.

Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district

court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313

F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure

timely to object to a magistrate's report and recommendation operates as a waiver of further

judicial review of the magistrate's decision."). However, because the failure to file timely

objections is not jurisdictional, the district judge can still excuse the failure to object in a timely

manner and exercise its discretion to decide the case on the merits to, for example, prevent plain

error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non

jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas v. Arn*,

474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court

has conducted a *de novo* review of the Report and Recommendation in an abundance of caution

and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation.

IT IS ORDERED that the settlement is accepted, for the reasons articulated by Magistrate

Judge Brown in the Supplemental Report and Recommendation.

SO ORDERED.


JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:    July 24, 2012
          Central Islip, NY